AGNES HOLT v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 5, 1934.

No. 29,780.

C. J. Menz and A. J. Donnelly, for appellant.
Weikert, Lohmann & Felhaber and E. F. Jacobson, for respondent.

HILTON, Justice.

In an action to recover for personal injuries received in a collision between a street car of defendant and an automobile driven

[1]Reported in 252 N. W. 76.

by plaintiff, plaintiff had a verdict for $81. From a judgment entered thereon defendant appealed.

The accident occurred at or near the intersection of University avenue and Avon street in the city of St. Paul. The avenue runs in an easterly and westerly direction and the street northerly and southerly. University avenue is a wide thoroughfare extending into both St. Paul and Minneapolis.

On October 24, 1931, at about 10:30 a. m. plaintiff, accompanied by her 12-year old son, was driving a Graham-Paige sedan on University avenue in a westerly direction. Plaintiff testified that: An automobile was preceding her at a distance of two or three car lengths; she never attempted to pass that automobile and did not sound the horn; ahead of both automobiles was a street car of defendant going in the same direction; the automobile ahead of her passed it; about the middle of the block immediately east of Avon street plaintiff, going about 30 miles an hour, also passed the street car; in passing it she was two or three feet from its right side; after passing it she thought she was keeping straight ahead; continued at the same speed; neither of the left wheels of her automobile was as far over as the north street car rail; there were parked cars near the Avon street intersection; when near that intersection the street car ran into her automobile, causing her to lose control of it, her car being forced farther in front of the street car and then almost immediately bumped again and thrown beyond the eastbound car tracks, where it was tipped over and she was injured; the motorman gave no warning of the approach of the street car by gong, bell, or otherwise; after passing the street car she did not see it again until the accident occurred. Her testimony to some extent was supported by other evidence.

The testimony of the motorman, corroborated in some particulars by other witnesses, was that plaintiff, in attempting to pass another automobile, turned her automobile sharply to the left and shot broadside in front of the street car; that he applied the brakes and finally brought the street car to a stop 40 feet beyond the west line of the intersection. The motorman said the left rear fender and wheel of the automobile were hit by the fender (wire basket) of

the street car; that the street car was going only 25 miles an hour; and that the automobile was traveling 35 miles an hour. In another place in his testimony he inconsistently stated that he did not see the automobile until it shot in front of him.

Upon this conflicting evidence, the manner in which the accident occurred was for the consideration of the jury. It had a right to take plaintiff's view thereof. This is especially true when we consider certain physical facts. Plaintiff of necessity in passing the street car must have been some distance from its right side; she was undoubtedly incorrect in thinking that she kept straight ahead after said passing. Her automobile must have been farther to the south and close to the north rail. The photographic exhibits show that her automobile was struck at the lower left-hand rear corner of the trunk and the left portion of the rear bumper below and to its left, and that neither the left rear fender nor wheel was touched. Had she been in front of and at right angles to the street car, as the motorman testified, damage other than as above specified would have occurred; the left rear fender would have shown injury. One photograph also shows automobile skid marks, which strongly support plaintiff's contentions.

The distance between the north rail and the curb of University avenue is 27½ feet. Plaintiff was on the north half of the avenue; street cars do not have an exclusive right to the space, including their overhang, usually occupied by them when on their rails. If plaintiff, as she said she did, continued at the same speed after passing the street car, and the street car had not accelerated its speed, there would have been no collision. As to what the respective speeds and locations of the vehicles were immediately prior to the accident was for the jury. On the evidence it could find that the motorman unreasonably accelerated the street car's speed; failed to keep a proper lookout, not seeing an automobile which must have been in plain sight; and that he did not have the street car under proper control. Such finding established defendant's negligence. See cases cited in 63 A. L. R. p. 61, et seq. Under the evidence the jury could absolve plaintiff from contributory negligence.

Affirmed.